IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN CARTWRIGHT,<br>    Plaintiff<br><br>v.<br><br>NATIONWIDE RECOVERY<br>SYSTEMS,<br>    Defendant | :<br>:<br>:<br>:   CIVIL ACTION NO. 21-CV-5530<br>:<br>:<br>:<br>: |

MEMORANDUM

**PRATTER, J.**                                                                           JANUARY 18, 2022

Plaintiff Justin Cartwright filed this civil action *pro se* regarding information reported to consumer reporting agencies. Named as Defendant is Nationwide Recovery Systems ("Nationwide"). Mr. Cartwright seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Mr. Cartwright leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.   **FACTUAL ALLEGATIONS**[1]

Mr. Cartwright's allegations are quite brief. The Court understands Mr. Cartwright to be raising claims pursuant to the Fair Credit Reporting Act ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA"). (ECF No. 2 at 3-4.)[2] Mr. Cartwright contends that Nationwide reported false information to three consumer reporting agencies. (*Id.*) He alleges that "this is one of the only account [sic] on my credit report that is negative & wrongfully there by law."

---

[1]   The facts set forth in this Memorandum are taken from Mr. Cartwright's Complaint and attached exhibits.

[2]   The Court adopts the pagination supplied by the CM/ECF docketing system.

(*Id.* at 4.) Mr. Cartwright further claims that the account at issue on his credit report "is hindering" him and that he "would have great credit without it." (*Id.*) According to Mr. Cartwright, the inaccurate information has impacted his physical and mental health, and has caused him to be denied a personal loan. (*Id.*) He seeks monetary relief and removal of the inaccurate information from his credit reports. (*Id.*)

Mr. Cartwright attached two documents to the Complaint, although he did not expressly reference them in the body of the Complaint. The first document is titled "Better Business Bureau Complaint" and sets forth in chronological order what appears to be Mr. Cartwright's summary of credit report entries that are based on information allegedly furnished by Nationwide concerning various accounts from various creditors. (*See id.* at 6-8.) In so doing, Mr. Cartwright provides limited identifying information concerning the allegedly inaccurate entries on his credit report.[3] Mr. Cartwright also attaches to his Complaint a copy of a credit report that reflects

---

[3] The entry dated September 22, 2021, references an account with a balance of $135.00 and indicates that Nationwide failed to notify Mr. Cartwright after furnishing negative information to a consumer reporting agency. (ECF No. 2 at 7-8.) A second entry, which is also dated September 22, 2021, indicates that Mr. Cartwright spoke with a Nationwide customer service representative regarding a past due bill, but intentionally omits the account and creditor identifying information. (*See id.* at 7.) Mr. Cartwright avers that he was not provided with a "Validation of Debt" letter and information should not have been reported to the consumer reporting agency until he "had a chance to respond to [the] letter." (*Id.*) Mr. Cartwright appears to claim that the customer service representative with whom he spoke informed him that if he "paid the full amount that the account would be marked as paid in full AND that Nationwide would send request that the account be removed from all 3 Credit Bureaus." (*Id.*) Mr. Cartwright further indicates that the customer service representative "refused to send [him] a letter confirming this" and that he "will not pay until letter is received." (*Id.*)

An entry dated September 30, 2021, indicates that Mr. Cartwright discovered "two new collection accounts opened this month from Nationwide." (*Id.* at 6.) Mr. Cartwright claims that he did not receive services from the listed creditors, but he intentionally obscures the names of the creditors and the account numbers. (*Id.* at 6-7.) The document contains similar entries dated October 1, 2021, two entries dated November 12, 2021, and an entry dated November 16, 2021. (*Id.* at 6.) In each entry, Mr. Cartwright indicates that he is not liable for a debt listed on his credit report and lists various amounts of debt, but does not identify the creditor or the account numbers. (*Id.*)

2

entries reported by TransUnion and Experian pertaining to information furnished by Nationwide. (*See id.* at 10.) The original creditor is listed as "Critical Care Physicians of PE," the account number is "205027XX," the "date opened" is September 2, 2021, and the balance on the account is $1,588.00. (*Id.*) Each entry notes that the account has been placed for collection. (*Id.*)

## II. STANDARD OF REVIEW

The Court will grant Mr. Cartwright leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Mr. Cartwright's Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Because Mr. Cartwright is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant, however, "'cannot flout procedural rules — they must abide by the same rules that apply to all other litigants.'" *Id.*

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The United States Court of Appeals for the Third Circuit explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

## III.   DISCUSSION

### A.   FCRA Claims

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))). In the language of the FCRA, credit reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by

commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).

"The FCRA confers on a consumer a right to have the negative information on his or her credit report investigated for accuracy." *Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 211 (E.D. Pa. 2007). In that regard, if a consumer disputes the completeness or accuracy of information contained in his file, the credit reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A). "Generally speaking, a consumer reporting agency does not violate the FCRA's requirement that it 'follow reasonable procedures to assure maximum possible accuracy' of credit reports or to 'reinvestigate' consumer disputes of information if the information that it reports is factually accurate." *Williams v. Experian Info. Sols., Inc.*, Civ. A. No. 14-8115, 2016 WL 3466089, at *3 (D.N.J. June 21, 2016).

To state a plausible claim under the FCRA against a furnisher of credit information, as opposed to the credit reporting agency itself, Mr. Cartwright must allege that he "filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information." *Harris v. Pennsylvania Higher Educ. Assistance Agency / Am. Educ. Servs.*, Civ. A. No. 16-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016), *aff'd sub nom. Harris v. Pennsylvania Higher Educ. Assistance Agency/Am. Educ. Servs.*, 696 F. App'x 87 (3d Cir. 2017); *see also* 15 U.S.C. § 1681s-2(b). If the furnisher fails to comply with its obligations under the Act, "the aggrieved consumer can sue for noncompliance." *Hoffmann v. Wells Fargo Bank, N.A.*, 242 F. Supp. 3d 372, 391 (E.D. Pa. 2017). The FCRA has several provisions that create liability for violations of the Act. *SimmsParris*, 652 F.3d at 358.

However, "under the FCRA, 15 U.S.C. § 1681s-2(b) is the only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information." *Eades v. Wetzel*, 841 F. App'x 489, 490 (3d Cir. 2021) *(per curiam)* (internal quotations omitted).

Mr. Cartwright has not stated a plausible claim against Nationwide under the provisions of the FCRA pertaining to consumer reporting agencies, because he has not alleged that Nationwide is a consumer reporting agency. To the extent Mr. Cartwright raises claims against Nationwide as a furnisher of information, he has also failed to allege a plausible claim. The allegations in the Complaint are sparse. They are also conclusory. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"); *Schiano v. HomEq Servicing Corp. & HomEq Servicing*, 832 F. App'x 116, 120 (3d Cir. 2020) (allegations that defendant failed to "'fully and properly investigate' the matter" were conclusory and did not state a claim). In other words, Mr. Cartwright has not identified the allegedly incorrect information in his credit history, clearly explained why the information was incorrect, alleged any facts about when and how he disputed that information with the consumer reporting agencies, or alleged that Nationwide failed to investigate and modify the inaccurate information. *See Pressley v. Capital One*, 415 F. Supp. 3d 509, 513 (E.D. Pa. 2019) (plaintiff failed to state a FCRA claim when she "ha[d] not (1) identified the accounts at issue, (2) described the allegedly false and misleading information that appears in the accounts, (3) stated that she filed a dispute regarding the false and misleading information; or (4) alleged that Capital One failed to investigate and modify the inaccurate information"); *see also SimmsParris*, 652 F.3d at 358 (explaining that the notice "must be given by a credit reporting agency, and cannot come directly from the consumer"); *Harris v. Pennsylvania Higher Educ. Assistance Agency/Am. Educ. Servs.*, 696 F. App'x 87, 91 (3d Cir.

2017) (*per curiam*) ("A consumer may certainly notify a furnisher/creditor directly about his dispute but there is no private cause of action under § 1681s-2(b) for a furnisher's failure to properly investigate such a dispute.").

Furthermore, the Court will not speculate as to Mr. Cartwright's claims based on the attachments to his Complaint. Indeed, a plaintiff may not state a claim by relying solely on exhibits. *See Berkery v. Credit Collection Servs.*, Civ. A. No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."); *RD Legal Funding, LLC v. Barry A. Cohen, P.A.*, Civ. A. No. 13-77, 2013 WL 1338309, at *2 (D.N.J. Apr. 1, 2013) ("Plaintiff cannot meet its pleading requirements under Rule 8(a) by attaching numerous exhibits to its Complaint.").[4] Mr. Cartwright's FCRA claims are therefore not plausible as pled.

## B. FDCPA Claims

The manner in which Mr. Cartwright has presented his claims makes the true nature of them difficult to understand. It appears, however, that Mr. Cartwright seeks to raise claims pursuant to the FDCPA against Nationwide. "The FDCPA provides a remedy for consumers who have been subjected to abusive, deceptive or unfair debt collection practices by debt collectors." *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 232 (3d Cir. 2005). "'To

---

[4] In the "Better Business Bureau Complaint" attached to his pleading, Mr. Cartwright appears to rely upon 15 U.S.C. § 1681s-2(a) as the basis for his FCRA claim that Nationwide failed to provide him with required notice after furnishing "derogatory info" to the consumer reporting agencies. (*See* ECF No. 2 at 7.) However, Mr. Cartwright may not assert a claim pursuant to this provision of the FCRA. *See SimmsParris*, 652 F.3d at 358 (noting that a private individual may not assert a claim for a violation of § 1681s-2(a), as such claims are available only to the Government).

7

state a claim under the FDCPA, a plaintiff must establish that: (1) he or she is a consumer who was harmed by violations of the FDCPA; (2) that the 'debt' arose out of a transaction entered into primarily for personal, family, or household purposes; (3) that the defendant collecting the debt is a 'debt collector,' and (4) that the defendant violated, by act or omission, a provision of the FDCPA.'" *Pressley*, 415 F. Supp. 3d at 512-13 (quoting *Johns v. Northland Grp., Inc.*, 76 F. Supp. 3d 590, 597 (E.D. Pa. 2014)).[5]

Where a plaintiff fails to allege facts supporting each of these elements, the FDCPA claim is not plausible. *See Pressley*, 415 F. Supp. at 513 ("Without specific facts, including but not limited to: (1) the nature of the debt; (2) the amount of the debt; (3) the dates and times Pressley was contacted regarding the debt; and (4) the method and content of these communications, Pressley has not stated a plausible claim under the FDCPA."); *Astarita v. Solomon & Solomon, PC*, Civ. A. No. 12-5670, 2013 WL 1694807, at *2 (D.N.J. Apr. 18, 2013) ("Plaintiff's Complaint is utterly devoid of any factual content - such as the specific debt which Defendant attempted to collect on, or details about the dates, times, and manner of the communications Defendant made to Plaintiff in attempting to collect on that unspecified debt - which would allow the Court to draw the reasonable inference that Defendant's actions violated any provision of the FDCPA."); *see also Humphreys v. McCabe Weisberg & Conway, P.C.*, 686 F. App'x 95, 97 (3d Cir. 2017) (*per curiam*) (concluding that FDCPA claim was pled based on "conclusory and speculative statements that cannot survive a motion to dismiss"). Mr. Cartwright does not allege he is a consumer who was harmed by violations of the FDCPA, he

---

[5] The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

8

does not describe the nature of the debt, he does not specifically allege that Nationwide is a debt collector, or describe other than in conclusory terms how it violated, by an act or omission, a provision of the FDCPA.

Mr. Cartwright's exhibits are also insufficient to allege a plausible FDCPA claim. In the chronology attached to his Complaint, Mr. Cartwright broadly states that he did not receive a "validation of debt letter" from Nationwide. (*See* ECF No. 2 at 7 ("According to Federal law, I must receive a Validation of Debt letter giving me 30 days to respond as to the debt being valid.")).[6] As noted above, while a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. In other words, the conclusory allegations of Mr. Cartwright's Complaint combined with his unexplained exhibits do not make Mr. Cartwright's FDCPA claims plausible.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Mr. Cartwright leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Because the Court cannot say at this time that Mr. Cartwright can never state a plausible claim based on the acts or omissions of Nationwide, he will be granted leave to amend. Cognizant of Mr. Cartwright's *pro se* status, the Court will grant him an opportunity to "flesh out [his] allegations by . . . explaining in [the] amended complaint the 'who, what, where, when and why' of [his] claim." *See Gambrell v. S. Brunswick Bd. of Educ.*, Civ. A. No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019). Any amended

---

[6] Section 1692g of the FDCPA sets forth the procedures a debt collector must follow after the initial communication with a consumer in connection with the collection of a debt. *See* 15 U.S.C. § 1692g(a)-(e).

9

Case 2:21-cv-05530-GEKP   Document 6   Filed 01/18/22   Page 10 of 10

complaint should clearly describe the factual basis for his claims. An appropriate Order follows, which provides further instruction as to amendment.

BY THE COURT:

_____

GENE E.K. PRATTER, J.

10